IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHADERICK INGRAM,

    Plaintiff,                    No. CIV S-12-1284 JAM DAD PS

    vs.

CITY OF SACRAMENTO, et al.,       ORDER

    Defendants.

_____/

        This action was removed from state court on May 11, 2012 by defendant City of Sacramento. Plaintiff is proceed in propria persona. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

        On May 15, 2012, the undersigned issued findings and recommendations. (Doc. No. 4.) Therein, the undersigned took judicial notice of the proceedings before this court in United States of America v. Ingram, 2:10-cr-0014 MCE-1 (E. D. Cal.) and Ingram v. Grant Joint Union High School Dist., et al., 2:08-cv-2490 KJM DAD. See Fed. R. Evid. 201. In the criminal proceedings, plaintiff herein was declared incompetent and unrestorable based on mental health issues. See Case No. 2:10-cr-0014 MCE-1, Doc. Nos. 32, 39, 40. In the civil action, plaintiff was represented by counsel and, after the declaration of incompetence in the criminal action, a guardian ad litem was appointed for plaintiff. See Case No. 2:08-cv-2490

1

KJM DAD, Doc Nos. 87-88. The undersigned has already found that in this action plaintiff was not represented by counsel and had been previously declared incompetent. (Doc. No. 4.) Accordingly, the undersigned recommended that this action be dismissed without prejudice. (Id.) On June 7, 2012, plaintiff filed a motion for the appointment of counsel, noticing the matter for hearing before the undersigned on July 20, 2012. (Doc. No. 12.)

      Plaintiff is informed that federal district courts lack authority to require counsel to represent indigent plaintiffs in civil cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). The court may request the voluntary assistance of counsel under the federal in forma pauperis statute, but only under exceptional circumstances. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the plaintiff's ability to articulate his or her claims. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

      Here, although the court is mindful of the circumstances presented by the previous finding of incompetence in plaintiff's criminal case, the undersigned has reviewed plaintiff's civil complaint in this action and his motion for the appointment of counsel and finds that the record does not reflect that exceptional circumstances are presented here. Specifically, the undersigned has evaluated plaintiff's complaint and has determined that he is not likely to succeed on the merits of his claims set forth therein. In this regard, the court notes that plaintiff's complaint is nearly incomprehensible. For example, it appears that plaintiff is attempting to allege a civil rights claim pursuant to 42 U.S.C. § 1983 against the City of Sacramento, the Economy Inn, Motel 6, the Sacramento Police Department, Officer R. Law, the Sacramento County Sheriffs Department, Officer Traxler and Cost U Less Insurance Center, for "refusing to rent to Plaintiff on Watt avenue Motel 6," and for "renting Plaintiff a room without a television . . . ." (Compl. (Doc. No. 1) at 10.) In his complaint plaintiff also alleges that the defendants

"insulted and embarrassed plaintiff by the use of excessive force through defamation of character abridging the freedom of speech and the right of the people peaceably to assemble pursuant to 42 U.S.C. § 1983." (Id. at 28.) Finally, plaintiff alleges that the defendants "violated first amendment Civil Rights in front of witness, invading his privacy, presenting fraudulent transcript's (sic) to make a sale in front of witness." (Id. at 32.) Moreover, the complaint seeks a judgment against defendants in the amount of "$267,999,000,000,000,000,000,000.00." (Id. at 38.) It is apparent from the face of these allegations that it is unlikely plaintiff can succeed on the merits of the claims found in his complaint filed in this action.

Accordingly, IT IS ORDERED that:

1. The noticed hearing on plaintiff's motion for the appointment of counsel (Doc. No. 12) is vacated and that motion is dropped from the court's July 20, 2012 law and motion calendar; and

2. Plaintiff's June 7, 2012 motion for the appointment of counsel (Doc. No. 12) is denied.

DATED: June 26, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DDAD:6
Ddad1\orders.pro se\ingram1284.aoc.den.wpd